UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:01-CR-22-04-SEB-MGN |
| | ) | |
| WILLIAM R. MOZEE, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on July 19, 2011, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on July 15, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e) and (g). All proceedings were held on August 31, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583. Mr. Mozee appeared in person and with CJA Counsel, William Yesowitch. The Government appeared by A. Brant Cook, Assistant United States Attorney, via telephone. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. On August 31, 2011, William Yesowitch, CJA Counsel, was present to represent Mr. Mozee in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Mozee and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Mozee and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Mozee was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mozee was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mozee was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Mozee was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Mozee had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Mozee, by counsel, stated his readiness to waive the preliminary hearing and to proceed with the revocation hearing. Mr. Mozee then orally waived the preliminary hearing.

8. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

(a) As to Violation Numbers 1 thru 7 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated these conditions.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months of imprisonment with no term of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 7 of said Petition. The Court then inquired of the defendant whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Mozee admitted the violations contained in Violation Numbers 1 thru 7. The Court specifically inquired of Mr. Mozee whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Mozee that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Mozee answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 7. The violations are summarized as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| **2** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **3** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |

On September 13, 2010, Louisville Metro Police Department (LMPD) officers conducted a traffic stop on a 2002 Chevrolet Trailblazer operated by the offender. He consented to a search of his vehicle, where officers located a synthetic marijuana cigarette stuffed between the center console and passenger seat. The offender was charged in Jefferson County, Kentucky, under docket number 10-M-023126. On February 17, 2011, the offender entered a plea of guilty and began a pretrial diversion program. On April 19, 2011, he paid court costs and a $50 fine. The case was dismissed on April 20, 2011.

On June 9, 2011, the offender tested positive for opiates. The sample was submitted to the laboratory for confirmation where it tested positive for codeine. The defendant denied any use of codeine (illegal or prescribed).

On July 13, 2011, a search was conducted at the offender's residence. The offender's mother answered the door, while the offender was in the basement of the home. Inside the residence, officers discovered partially burnt cigar wrappers with plant material, one loose orphenadrine pill, 14 promethazine pills inside a pill container, two pill bottles belonging to Kevin Yates (co-defendant on instant offense), scales, and a glass pipe with drug residue. Donna Mozee claimed the glass pipe belonged to her. The offender was placed under arrest by law enforcement personnel who were assisting with the search. During his arrest, the offender began cursing and yelling at the officers, including his probation officer. The offender began physically resisting arrest, despite repeated demands for his compliance. When confronted with a taser and pepper spray, the offender began to comply; however, officers had to forcibly place handcuffs on his wrists. The offender's mother was also arrested. The offender was charged with two counts of Possession of a Legend Drug (Class D felonies); Possession of Synthetic Cannabinoids with Prior Conviction (Class D felony); Maintaining a Common Nuisance (Class D felony); Resisting Law Enforcement (Class A misdemeanor); and Possession of Paraphernalia (Class A misdemeanor), in Clark County, Indiana. A court date has not been set.

**4**     **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

As noted above, the offender was charged in Jefferson County, Kentucky, with possession of synthetic marijuana, under docket number 10-M-023126, in September 2010. The offender did not report this offense to his probation officer.

**5**     **"The offender shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month."**

As noted above, on September 13, 2010, an LMPD officer observed the offender operating a 2002 Chevrolet Trailblazer and charged him with a crime. The vehicle and the actual charges were never reported to the probation officer. In October 2010, the offender submitted a monthly report form indicating only that

> he was stopped by LMPD for "driving while [his] taillights were out."

**6** "**The defendant shall make a good faith effort to obtain a G.E.D. or high school diploma within the first year of supervision.**"

> On July 12, 2010, the offender was instructed to attend G.E.D. classes. He was provided an attendance verification log and instructed to submit the log with every monthly report form. The offender has never submitted a G.E.D. log, despite numerous requests.

**7** "**The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.**"

> The offender has not maintained regular employment since February 2011.

10. Based on the information available to the Court, the Court further finds the following:

   1) Mr. Mozee has a relevant criminal history category of III. *See,* U.S.S.G. § 7B1.4(a).

   2) The most serious grade of violation committed by Mr. Mozee constitutes a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b).

   3) Pursuant to U.S.S.G. § 7B1.4(a) and (b)(3)(A) upon revocation of supervised release, the range of imprisonment applicable to Mr. Mozee is 8-14 months.

   4) The appropriate disposition for Mr. Mozee's violation of the condition of supervised release is as follows:

      (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 7 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr.

Mozee shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow. The Court recommends that the defendant receive credit for time served.

Counsel for the parties and Mr. Mozee stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Mozee entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq*. and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Mozee's supervised release.

**IT IS SO RECOMMENDED** this   7th   day of September, 2011.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

A. Brant Cook
brant.cook@usdoj.gov

William Yesowitch
yesowitch@bbalaw.com

U.S. Marshal

U.S. Probation Office